# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS HAMACA B.V., CONOCOPHILLIPS GULF OF PARIA B.V., and CONOCOPHILLIPS COMPANY,<br><br>*Plaintiffs*,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | Case No. 1:22-mc-00464-UNA |

## OPENING BRIEF IN SUPPORT OF CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS HAMACA B.V., AND CONOCOPHILLIPS GULF OF PARIA B.V.'S MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF *FIERI FACIAS*

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com

Dated:  August 1, 2023

ROSS ARONSTAM & MORITZ LLP

Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF ARGUMENT ................................................................................................... 3

FACTS ........................................................................................................................................... 3

    I.    The ICSID Arbitration Award and Judgment .................................................... 3

    II.    PDVSA Is Venezuela's Alter Ego ......................................................................... 5

ARGUMENT ................................................................................................................................ 7

    I.    The FSIA Is Satisfied Because A Reasonable Period Of Time Has Passed Since Entry Of The Judgment And Since Service Of The Judgment ........................................... 7

    II.    PDVSA Is Still The Alter Ego Of Venezuela ...................................................... 9

    III.    Neither Venezuela Nor Its Assets Are Immune From Attachment In Aid Of Execution Or From Execution .............................................................................. 10

    IV.    OFAC Sanctions Do Not Bar ConocoPhillips' Requested Relief ..................... 11

CONCLUSION ........................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page(s)**

*Bolivarian Republic of Venez. v. Crystallex Int'l Corp.*,
   140 S.Ct. 2762 (2020) ................................................................................................ 5

*ConocoPhillips Petrozuata B.V., et al. v. Bolivarian Republic of Venez.*,
   628 F. Supp. 3d 1 (D.D.C. 2022) ............................................................................. 2, 4

*Crystallex Int'l Corp v. Bolivarian Republic of Venez.*,
   333 F. Supp. 3d 380 (D. Del. 2018) ............................................................................ 5

*Crystallex Int'l Corp v. Bolivarian Republic of Venez.*,
   932 F.3d 126 (3d Cir. 2019) ........................................................................... 5, 6, 7, 11

*Crystallex Int'l Corp v. Bolivarian Republic of Venez.*,
   2021 WL 129803 (D. Del. Jan. 14, 2021) .................................................................. 9

*Elliott Assocs., L.P. v. Banco De La Nacion*,
   2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) ........................................................... 7

*Ned Chartering & Trading, Inc. v. Republic of Pak.*,
   130 F. Supp. 2d 64 (D.D.C. 2001) ........................................................................... 7, 8

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
   2022 WL 611563 (D. Del. Mar. 2, 2022) .............................................................. 8, 9, 11

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
   2022 WL 1404719 (D. Del. May 4, 2022) .................................................................. 8

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
   2023 WL 2609248 (D. Del. Mar. 23, 2023) ................................................ 5, 6, 7, 9, 10, 11

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
   2023 WL 4385930 (3d Cir. July 7, 2023) ............................................................... 5, 11

*Red Tree Invs., L.L.C. v. Petroleos de Venezuela, S.A.*,
   2022 WL 1265516 (D. Del. Apr. 28, 2022) ............................................................... 7

*Rubin v. Islamic Republic of Iran*,
   138 S.Ct. 816 (2018) .................................................................................................. 6

**Statutes**

28 U.S.C. § 1608(a) ................................................................................................................ 2, 5

28 U.S.C. § 1608(e) ............................................................................................................ 2, 5, 7

28 U.S.C. § 1610(c) ............................................................................................................ 2, 5, 7

28 U.S.C. § 1963 ...................................................................................................................... 1, 4

**Other Authorities**

Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial
Documents in Civil or Commercial Matters ........................................................... 2, 5, 8

**Rules**

Fed. R. Civ. P 69 ......................................................................................................................... 1

Plaintiffs ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively "ConocoPhillips") respectfully submit this brief in support of their motion, pursuant to Federal Rule of Civil Procedure 69, the Delaware Code, and the Foreign Sovereign Immunities Act (the "FSIA"), for an order authorizing the issuance of a third writ of *fieri facias* ("*fi fa* writ") in favor of ConocoPhillips against the shares of PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela S.A. ("PDVSA").

## PRELIMINARY STATEMENT

The Bolivarian Republic of Venezuela ("Venezuela") and its state-owned oil company PDVSA nationalized ConocoPhillips' interests in several oil projects in Venezuela. Having not received compensation, ConocoPhillips brought three arbitration claims against Venezuela, PDVSA, and several PDVSA subsidiaries. This Court is already familiar with two of those claims, *Phillips Petroleum Company Venezuela Limited et al. v. Petroleos de Venezuela, S.A.*, No. 1:19-mc-342-LPS and *ConocoPhillips Gulf of Paria B.V. v. Corporacion Venezolana Del Petroleo, S.A. et al.*, No. 1:22-mc-264-LPS. In the third, ConocoPhillips initiated an arbitration against Venezuela before a tribunal of the International Centre for Settlement of Investment Disputes ("ICSID") in November 2007. After years of lengthy and contested proceedings, the ICSID tribunal issued a final award on March 8, 2019, which was subsequently rectified for the amount on August 29, 2019, for a final award in favor of ConocoPhillips and against Venezuela for approximately $8,527,806,292, plus interest running from May 8, 2019 (the "ICSID Award").[1]

On March 11, 2019, ConocoPhillips initiated proceedings in the United States District Court for the District of Columbia to confirm the ICSID Award. After some challenges with

---

[1] *ConocoPhillips Petrozuata B.V., et al. v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/07/30 (March 8, 2019) (attached as Exhibit 3 to the August 1, 2023 Declaration of Marcus J. Green ("Green Decl.")).

service of process, service of the petition was effected on January 10, 2020. Venezuela elected not to participate in the proceedings (undoubtedly for purposes of delaying enforcement in this District), and the D.C. District court entered a default judgment confirming the ICSID Award as a judgment on August 19, 2022 (the "DDC Judgment").[2]

ConocoPhillips registered the DDC Judgment in this Court on October 12, 2022, pursuant to 28 U.S.C. § 1963 ([D.I. 1-1], the "ICSID Judgment"). Because the DDC Judgment was a default judgment, ConocoPhillips was required to serve Venezuela with the judgment again under 28 U.S.C. §§ 1608(e) and 1610(c). After ConocoPhillips exhausted its attempts to serve the DDC Judgment on Venezuela under the Hague Convention[3] (which Venezuela ignored), the DDC Judgment was ultimately served on Venezuela by diplomatic means (under § 1608(a)(4)) on July 13, 2023. Green Decl. ¶¶ 11-13.

ConocoPhillips has now satisfied all legal requirements for issuance of a *fi fa* writ with respect to the ICSID Judgment. Accordingly, ConocoPhillips now requests the Court to enter an order pursuant to 28 U.S.C. § 1610(c) authorizing the issuance of a *fi fa* writ against the PDVH shares, granting the same relief with respect to the ICSID Judgment that has already been granted in *Phillips Petroleum Company Venezuela Limited et al. v. Petroleos de Venezuela, S.A.*, No. 1:19-mc-342-LPS, *ConocoPhillips Gulf of Paria B.V. v. Corporacion Venezolana Del Petroleo, S.A. et al.*, No. 1:22-mc-264-LPS, *Red Tree Invs., LLC v. Petroleos de Venezuela, S.A. et al.*, No. 1:22-mc-68/69-LPS, *Siemens Energy, Inc. v. Petroleos de Venezuela, S.A. et al.*, No. 1:22-mc-347-LPS, and in the cases brought by several other creditors of Venezuela in which the Court has held

---

[2] *ConocoPhillips Petrozuata B.V., et al. v. Bolivarian Republic of Venez.*, 628 F. Supp. 3d 1 (D.D.C. Aug. 2022). The DDC Judgment is in the amount of US $8,505,945,292.00 plus interest.
[3] Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 63.

PDVSA's assets subject to enforcement under an alter ego finding (the "Alter Ego Cases").[4] The Court should authorize and issue a writ now that may be later perfected upon the addition of the ICSID Judgment as an "Additional Judgment" within the meaning of the Sale Procedures Order entered in *Crystallex Int'l Corp v. Bolivarian Republic of Venez.*, No. 1:17-mc-00151 (D. Del. 2022), D.I. 481 and pursuant to the May 1, 2023 specific License No. VENEZUELA-EO13884-2023-1057131-1 issued by the Office of Foreign Assets Control ("OFAC"). *Id.*, D.I. 555.

## SUMMARY OF ARGUMENT

1. A reasonable period of time has passed since the judgment was entered recognizing the ICSID Award and, under the circumstances, since that judgment was served on Venezuela.

2. PDVSA is and has been at all pertinent times the alter ego of Venezuela for purposes of issuance of a *fi fa* writ against the PDVH shares.

3. Venezuela engaged in commercial activity in the United States and owns property in Delaware, through its alter ego, PDVSA.

4. The relief requested by ConocoPhillips is authorized by OFAC.

## FACTS

**I.  The ICSID Arbitration Award and Judgment**

From the 1990s through 2007, ConocoPhillips participated with Venezuela in three crude oil ventures known as the Petrozuata, Hamaca, and Corocoro projects (the "Projects"). The Projects involved the extraction and upgrading of crude oil from three oil fields in Venezuela. The

---

[4] *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, No. 1:19-mc-00290; *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venez.*, No. 1:20-mc-00257; *ACLI Invs. LTD. et al., v. Bolivarian Republic of Venez.*, No. 1:21-mc-00046; *Rusoro Mining Ltd. v. Bolivarian Republic of Venez.*, No. 1:21-mc-00481; *Koch Minerals Sarl et al. v. Bolivarian Republic of Venez.,* No. 1:22-mc-00156; *Gold Rsrv. Inc. v. Bolivarian Republic of Venez.*, No. 1:22-mc-00453; and *Crystallex Int'l Corp v. Bolivarian Republic of Venez.*, No. 1:17-mc-00151 (collectively, the "Alter Ego Cases").

3

Venezuelan government confiscated ConocoPhillips' interests in those Projects in 2007, without compensation to ConocoPhillips.

In November 2007, ConocoPhillips brought a claim against Venezuela before an ICSID tribunal under a Netherlands-Venezuela bilateral investment treaty and international law. On September 3, 2013, the tribunal rendered a decision in favor of ConocoPhillips on the merits. *See* Green Decl., Ex. 3. On March 8, 2019, the tribunal unanimously issued the final ICSID Award in favor of ConocoPhillips and against Venezuela. *Id.*

On December 16, 2019, Venezuela subsequently petitioned ICSID to annul the ICSID Award. *See* Green Decl., Ex. 5 ¶ 9. Although ordinarily the annulment application would have automatically stayed enforcement of the ICSID Award, on November 2, 2020, the ICSID *ad hoc* Committee granted ConocoPhillips' request to lift the provisional stay provided that ConocoPhillips met certain conditions. The conditions included a guarantee that ConocoPhillips would hold any proceeds from collections in a segregated account and return them to Venezuela in the event of annulment. *See* Green Decl., Ex. 6 ¶ 4. On September 29, 2021, the *ad hoc* Committee confirmed that ConocoPhillips had satisfied the conditions and it lifted the provisional stay of enforcement. *See* Green Decl., Ex. 10.

On August 19, 2022, the United States District Court for the District of Columbia issued the DDC Judgment. *See* D.I. 1-1. As United States District Court Judge Carl J. Nichols stated at the time: "[f]ifteen years is long enough" for Venezuela to avoid paying its obligations to ConocoPhillips. *See ConocoPhillips Petrozuata B.V., et al. v. Bolivarian Republic of Venez.*, 628 F. Supp. 3d 1, *10 (D.D.C. Aug. 2022).

On October 11, 2022, ConocoPhillips registered the DDC Judgment in this Court pursuant to 28 U.S.C. § 1963. *See* D.I. 1. The FSIA also required ConocoPhillips to serve Venezuela with

4

the DDC Judgment under 28 U.S.C. §§ 1608(e) and 1610(c). ConocoPhillips repeatedly attempted to serve Venezuela under the Hague Convention. Although Venezuela acknowledged the District of Columbia proceeding in submissions to the ICSID *ad hoc* Committee,[5] and although Venezuelan officials had publicly acknowledged the District of Columbia proceeding and the resulting DDC Judgment,[6] Venezuela did not allow for successful treaty service of the DDC Judgment. *See* Green Decl. ¶ 11. After exhausting the futile treaty service attempts, on July 13, 2023, the DDC Judgment was ultimately served on Venezuela by diplomatic means pursuant to 28 U.S. 1608(a)(4). *See* Green Decl. ¶ 13, Ex. 4.

## II. PDVSA Is Venezuela's Alter Ego

This Court has ruled repeatedly that PDVSA is Venezuela's alter ego, and, as such, PDVSA's U.S. assets are subject to attachment and execution by Venezuela's creditors. *See Crystallex Int'l Corp v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 406 (D. Del. 2018); *Crystallex Int'l Corp v. Bolivarian Republic of Venez.*, 932 F.3d 126, 152 (3d Cir. 2019), *cert. denied, Bolivarian Republic of Venez. v. Crystallex Int'l Corp.*, 140 S.Ct. 2762 (2020); *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2023 WL 2609248 (D. Del. Mar. 23, 2023), *aff'd, OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2023 WL 4385930 (3d Cir. 2023)

---

[5] *See* Green Decl., Ex. 7 ¶ 56 (On April 14, 2020, counsel for Venezuela filed a letter in the ICSID annulment proceedings acknowledging the DDC proceedings: "Three days after the notification of the Award on 8 March 2019, the Conoco Parties initiated recognition proceedings in the US District Court of the District of Columbia, which have since been stayed in light of the provisional stay issued by the Secretary-General of ICSID in connection with the Applications for Annulment.")

[6] Green Decl., Ex. 8 (The Special Prosecutor for the Guaidó administration publicly recognized the existence of the DDC proceedings by clarifying that the August 2022 decision "declared the award confirmed."); Green Decl., Ex. 9 (The Maduro administration publicly referenced the August 2022 decision, "in which ConocoPhillips is authorized to execute an arbitration award for up to USD 8.7 billion").

at *2 (applying the factors identified by the Supreme Court in *Rubin v. Islamic Republic of Iran*, 138 S.Ct. 816, 823 (2018)) (the "March 2023 Opinion").

There have been no material factual changes relevant to the issue of PDVSA's alter ego status, and this Court's prior findings of alter ego still apply. *See* Declaration of Manuel A. Gómez dated August 1, 2023 ("Gómez Decl.") ¶ 9. In addition to the evidence relied upon by the Court in its prior alter ego determinations and the Gómez Declaration[7] submitted herewith, ConocoPhillips further incorporates by reference the additional factual evidence proffered by Contrarian Capital Management L.L.C. ("Contrarian") in its July 21, 2023 renewed motion for a *fi fa* writ. *See Contrarian Cap. Mgmt., L.L.C. et al. v. Bolivarian Republic of Venez.*, No. 1:22-mc-263-LPS (D. Del. 2023), D.I. 48-1-5; D.I. 49-1.

For example, Venezuela continues to exercise substantial economic control over PDVSA. *See* Gómez Decl. ¶ 10(a). Among other things, the Venezuela Constitution continues to "endow[] the State with significant control over PDVSA and the oil industry in the country." *See Crystallex*, 932 F.3d at 147; *see also* Gómez Decl. ¶ 10. PDVSA's profits continue to go to Venezuela, as PDVSA is wholly owned by Venezuela. *See* Gómez Decl. ¶ 10(a). Venezuela continues to manage PDVSA's daily affairs, including by exercising its powers under the *Transition Statute* and by closely monitoring and directing PDVSA's day-to-day operations. *See* Gómez Decl. ¶ 10(a)  Venezuela remains the real beneficiary of PDVSA's conduct. *See* Gómez Decl. ¶ 10.

---

[7] The Gómez Declaration incorporates and updates Professor Gómez's prior expert reports submitted in support of other creditors' *fi fa* motions, including his observation that the "breaking point" between Venezuela and PDVSA stretches back to 2003, and PDVSA's transformation into an entity "totally controlled by the state." *See Northrup Grumman Ship Sys., Inc. v. Ministry of Defense of the Republic of Venez.*, No. 1:20-mc-00257-LPS (D. Del. 2021) D.I. 28, ¶ 11-12. Professor Gómez confirms in the attached Declaration that nothing has changed concerning PDVSA's alter ego status since his prior expert reports and the Court's most recent alter ego determination.

In addition, there is no question regarding PDVSA's continued commercial use of the PDVH shares, such that they are not immune from attachment, and Venezuela's continued ownership of the PDVH shares, through its alter ego PDVSA.  *See* March 2023 Opinion, at *18 (citing *Crystallex*, 932 F.3d at 151 ("[T]he shares can still be used by PDVSA to run its business as an owner, to appoint directors, approve contracts, and to pledge PDVH's debts for its short-term debt.")).  *See also* Gómez Decl. ¶ 10(a).

**ARGUMENT**

I. **The FSIA Is Satisfied Because A Reasonable Period Of Time Has Passed Since Entry Of The Judgment And Since Service Of The Judgment**

Section 1610(c) of the FSIA provides that when a judgment has been entered against a foreign state, attachment of that state's property in the United States is permitted once "the court . . . has determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter."  28 U.S.C. § 1610; *see also Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing the legislative history of the FSIA at H.R. Rep. 1487, 9th Cong., 2d Sess. 1, 30 (1976)).  Under section 1608(e), in the event of a default judgment, "[a] copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section."  28 U.S.C. § 1608(e).

As this Court has recognized, courts have decided that a period of only a few weeks is "reasonable" under 28 U.S.C. § 1610(c).  *See Red Tree Invs., L.L.C. v. Petroleos de Venezuela, S.A.*, 2022 WL 1265516, at *2 (D. Del. Apr. 28, 2022) (citing *Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (ten days is reasonable)).  *See also Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks is reasonable).

In assessing what is "reasonable" under section 1610(c), courts look at several factors, including "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2022 WL 611563, at *9 (D. Del. Mar. 2, 2022), *cert. granted, judgment modified*, *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2022 WL 1404719 (D. Del. May 4, 2022) (quoting *Ned Chartering*, 130 F. Supp. 2d at 67).

Each of the factors supports a finding that a reasonable period of time has passed here. More than eleven months have passed since entry of the DDC Judgment. Approximately nine months have passed since ConocoPhillips registered the DDC Judgment in this District, opening this miscellaneous action. And 19 days have passed since diplomatic service of the DDC Judgment was finally completed.

Venezuela resisted all prior service efforts with respect to the District of Columbia proceeding. *See* Green Decl. ¶ 11. Then, in an obvious effort to delay enforcement of the inevitable judgment, Venezuela elected not to participate in that proceeding. *Id.* Then again, although Venezuela was well-aware of the DDC Judgment (*see* Green Decl., Exs. 7-9), Venezuela cynically relied on its default and the technical FSIA requirements to further delay eventual enforcement of the DDC Judgment by ignoring its obligations under the Hague Convention.

Venezuela has not paid ConocoPhillips any portion of the ICSID Judgment as of the date of this Motion nor has it taken any steps to arrange for any payment. Instead, in the context of the Alter Ego Cases and other dealings with ConocoPhillips in connection with similar judgments, Venezuela has made clear that it has no intention to voluntarily satisfy its outstanding judgments. *See, e.g.*, *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2022 WL 611563, at *10 (D.

Del. Mar. 2, 2022) (noting Venezuela and PDVSA have not only not attempted to pay judgments but "[r]ather, they have staunchly opposed the judgment creditors' collection efforts at every turn.").

Under the circumstances here, nearly a year since entry of the DDC Judgment, and a period of nineteen days since Venezuela was formally served with it, are reasonable. Venezuela has expressly acknowledged the DDC Judgment, actively resisted service of the DDC Judgment for almost a year, and has given no indication that it intends to pay the judgment (all in the context of wide-ranging litigation before this Court where Venezuela has made clear it does not intend to pay *any* of its judgment creditors, much less ConocoPhillips that is owed many billions of dollars).

## II. PDVSA Is Still The Alter Ego Of Venezuela

This Court has held that the pertinent time for determining whether PDVSA is the alter ego of Venezuela for purposes of a motion for a *fi fa* writ is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." *See* March 2023 Opinion at *26 (citing *Crystallex Int'l Corp v. Bolivarian Republic of Venez.*, 2021 WL 129803, at *6 (D. Del. Jan. 14, 2021)) (holding that the "Court continues to adhere to this view.").[8]

---

[8] The Court also held, in the alternative, "that if the pertinent dates begin on the date of injury . . . [the other judgment creditors] ha[ve] proven, by a preponderance of the evidence, that PDVSA was the alter ego on all such pertinent dates, continuing at least through October 13, 2022." March 2023 Opinion at *27. In so holding, this Court recognized that the date of injury could include, *inter alia*, the date on which Venezuela incurred liability (i.e., the date an arbitration award was issued in the creditor's favor) or the date Venezuela nationalized a creditor's interests. *See id.* On March 8, 2019, Venezuela, and its then-alter ego, PDVSA, incurred the debt relevant to the instant motion, when the ICSID tribunal issued the Award in favor of ConocoPhillips. *See* Green Decl., Ex. 3. Thus, the Court's holding on the alternative in the March 2023 Opinion, is also applicable to the determination of the alter ego relationship in the instant action as well. *See id.* at *2 (finding Venezuela was PDVSA's alter ego at least from August 2018 through October 2022). To support even a further potential alternative date range as to the date Venezuela nationalized ConocoPhillips' interests in the Projects, ConocoPhillips reserves the right to supplement Professor Gomez's declaration with additional analysis that traces the alter ego analysis back to the earliest possible date of ConocoPhillips' injury.

9

This Court has also held that PDVSA was Venezuela's alter ego from August 2018 and continuing at least through October 13, 2022. *See* March 2023 Opinion at *2.

In finding that PDVSA continued to be Venezuela's alter ego through October 13, 2022, the Court determined that "the nature of the relationship between [Venezuela] and PDVSA has not materially changed in the time after the Court made its findings of fact in [*Crystallex*] in August 2018, notwithstanding the U.S. recognition of the Guaidó Government in January 2019. *See* March 2023 Opinion at *9-18 (detailing the Court's findings of facts relevant to an alter ego determination). The Court made the findings in part based on a record supported by the opinion of Professor Manuel A. Gómez. *Northrop Grumman Ship Sys., Inc. v. The Ministry of Defense of the Republic of Venez.*, No. 1:20-mc-00257, D.I. 28 (D. Del. Feb. 2021). In a recent motion filed by Contrarian, Professor Gómez submitted an updated report dated July 21, 2023 that confirmed there has been no material change in circumstances since his prior assessments in 2021 and 2022, and that PDVSA remains the alter ego of Venezuela. *See Contrarian Cap. Mgmt., L.L.C. et al. v. Bolivarian Republic of Venez.*, No. 1:22-mc-00263, D.I. 49-1 (D. Del. July 2023). With this Motion, ConocoPhillips submits an updated Declaration from Professor Gómez confirming that it is his expert opinion that PDVSA remains the alter ego of Venezuela through today. *See* Gómez Decl. ¶ 9.

For all of the reasons set forth herein, and in the Court's prior opinions in the Alter Ego Cases, the Court should find that PDVSA was, and continues to be, Venezuela's alter ego at all times pertinent to this Motion, such that the PDVH shares are subject to attachment and execution.

### III. Neither Venezuela Nor Its Assets Are Immune From Attachment In Aid Of Execution Or From Execution

This Court has also held as recently as March 23, 2023, that the PDVH shares are not immune from attachment because they are Venezuela's property and are used by its alter ego

10

PDVSA for commercial activity in the United States. *See* March 2023 Opinion at *18 ("All of the commercial activities for which PDVSA's shares of PDVH had been used in the past, combined with the continued use of these shares for the same activities, render those shares not immune from attachment.") (citing *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 151 (3d Cir. 2019) ("[T]he shares can still be used by PDVSA to run its business as an owner, to appoint directors, approve contracts, and to pledge PDVH's debts for its own short-term debt.")). The Third Circuit affirmed that decision on July 7, 2023. *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2023 WL 4385930 (3d Cir. July 7, 2023). Because there has been no change to Venezuela's control of PDVSA, PDVSA's ownership of the PDVH shares, and the commercial nature of the shares, this Court should find that the PDVH shares are not immune from attachment or execution. *See* Gómez Decl. ¶¶ 9-10.

### IV.     OFAC Sanctions Do Not Bar ConocoPhillips' Requested Relief

This Court has already found that "the OFAC sanctions regime does not require a specific license before the Court may enter an order authorizing the eventual issuance of a writ of attachment." March 2023 Opinion at *28 (citing *e.g.*, *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 2022 WL 611563 (D. Del. Mar. 2, 2022)). As such, at a minimum, the Court may enter an order authorizing the eventual issuance of a writ to ConocoPhillips without running afoul of OFAC sanctions.

Further, on May 1, 2023, OFAC issued a specific license which allows the Clerk of this Court to issue full, unconditional, writs of attachment to any judgment creditor added as an "Additional Judgment Creditor" pursuant to the terms of the Sale Procedures Order entered in *Crystallex*. In its July 27, 2023 order in *Crystallex*, the Court affirmed that, pursuant to the May 1, 2023 specific license, it is empowered to issue full, unconditional writs of attachment to creditors

11

of PDVSA and Venezuela. *See Crystallex Int'l Corp v. Bolivarian Republic of Venez.*, No. 1:17-mc-00151, D.I. 646 at 9 (D. Del. 2023).

## CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests the Court to enter the proposed order submitted herewith, authorizing the issuance of a *fi fa* writ against the shares of PDVH, to be perfected pursuant to the May 1, 2023 specific OFAC license.

Respectfully submitted,

*Of Counsel*:

Michael S. Kim
Marcus J. Green
Josef M. Klazen
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200
michael.kim@kobrekim.com
marcus.green@kobrekim.com
jef.klazen@kobrekim.com

Dated: August 1, 2023

ROSS ARONSTAM & MORITZ LLP

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Elizabeth M. Taylor (Bar No. 6468)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
gmoritz@ramllp.com
etaylor@ramllp.com

*Attorneys for Plaintiffs*