IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS HAMACA B.V., CONOCOPHILLIPS GULF OF PARIA B.V., and CONOCOPHLLIPS COMPANY, <br><br> *Plaintiffs*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | Civil Action No. 1:22-mc-00464 |

**DECLARATION OF MANUEL A. GÓMEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR THE ISSUANCE OF A WRIT OF *FIERI FACIAS***

1. I am a Professor of Law and the Associate Dean for Graduate Studies and Global Engagement at Florida International University. My research, teaching, and other scholarly endeavors focus on international and comparative law and transnational dispute resolution, and frequently entail a comparison between the U.S. and Latin American jurisdictions, including the Bolivarian Republic of Venezuela ("Venezuela").

2. I have been a Venezuelan lawyer for almost three decades. I obtained my first law degree in Venezuela from the Universidad Católica Andrés Bello in 1993, and a license to practice from the Caracas Bar Association, which I have maintained in good standing to the present. I also hold a specialization in Civil Procedure from the Universidad Católica Andrés Bello, and two graduate degrees from Stanford University, a master's degree in law (J.S.M) and a doctorate in juridical science (J.S.D.).

3. Prior to my academic legal career here in the U.S., I amassed substantial experience in Venezuela as a legal practitioner and law professor. I have remained up to date on most Venezuelan legal developments through my academic research, teaching, and frequent engagement in cases that require legal analysis of Venezuelan laws, judicial decisions, and legal practice.

4. I have extensive experience in civil, commercial, labor, family, business transactions, insurance, contracts, and torts litigation in Venezuela. I have also been a professor and researcher affiliated with different Venezuelan law schools. As a practitioner and academic, I have acquired significant experience in handling numerous legal matters both in transactional and dispute processing contexts involving Venezuelan and foreign parties. I have been involved in Venezuela-related cases related to government contracts, government regulation, private and public international law, criminal and civil liability, civil and commercial litigation, anti-corruption regulation, the recognition and enforcement of foreign judgments, and international judicial cooperation.

5. I am very familiar with the Venezuelan issues at hand in the present case as I have authored expert reports (the "Prior Expert Reports") that were filed in related litigation on behalf of the following parties, which I incorporate herein by reference:
    a. Contrarian Capital Management, L.L.C., et al. in No. 1:22-mc-00263 and 1:18-mc-00131 in D.I. 49 ("Contrarian") (attached hereto as **Exhibit 1**),
    b. Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated, in 1:20-mc-00257 in D.I. 28 and D.I. 39 ("Huntington Ingalls") (attached hereto as **Exhibits 2-3**), and
    c. Koch Minerals Sàrl and Koch Nitrogen International Sàrl in 1:22-mc-00156 in D.I. 4 ("Koch") (attached hereto as **Exhibit 4**).

6. In each instance, after performing extensive research, I concluded that Petróleos de Venezuela, S.A. ("PDVSA") is Venezuela's alter ego and its assets are subject to the pervasive control of Venezuela, regardless of whether such control is exercised by the Maduro regime, or the Interim Government formerly led by Juan Guaidó and currently under the authority of the opposition-controlled National Assembly, at the relevant times. The Prior Expert Reports cover my conclusions regarding Venezuela's alter-ego relationship with PDVSA through at least July 21, 2023. For the purposes of this Declaration, I reaffirm and incorporate by reference the analysis and conclusions in the Prior Expert Reports.

7. This Declaration is the independent product of my professional assessment about the relevant issues presented to me regarding the alter ego relationship between PDVSA and Venezuela. I render my opinions free of any external influence, pressure, or interest in the

outcome of the present dispute or any other that may arise between any and all of the parties involved in this litigation. I am being paid for my services in this matter, but my fees are not dependent on the nature of the opinions I state here, or on the result of the case.

8. I have been retained by counsel for Plaintiffs in the case captioned above to analyze issues regarding the relationship between Venezuela and PDVSA in connection with Plaintiffs' motion for a writ of attachment *fieri facias* as to the shares of PDV Holdings, Inc. ("PDVH"), a Delaware corporation wholly owned by PDVSA.

9. After having analyzed the most relevant developments involving PDVSA and Venezuela, between July 21, 2023, and today, I conclude that the opinions stated in my Prior Expert Reports remain unchanged: the alter ego relationship between Venezuela and PDVSA continues to exist through the date of this Declaration based on the substantial economic control Venezuela exercises over PDVSA.

10. Specifically, it is my professional opinion that:
    a. The pervasive control that Venezuela has continually held over PDVSA's assets and daily affairs in the territory of Venezuela, here in the United States and elsewhere, continues to prove that PDVSA remains the alter ego of Venezuela. The evidence of the ongoing pervasive control remains unchanged from the facts set forth in the Prior Expert Reports, and includes but is not limited to: (i) the power endowed to Venezuela over PDVSA through the 2019 *Transition Statute* and its successive amendments;[1] (ii) the flow of PDVSA's profits to Venezuela, as the real beneficiary of PDVSA through its whole ownership thereof; and (iii) Venezuela's continued interference with PDVSA's corporate activities.[2]
    b. Both the Maduro regime and the opposition-controlled Interim Government have treated PDVSA's assets as Venezuela's assets, so the alter ego relationship has remained the same to this day, regardless of which side exercises control over PDVSA.
    c. In sum, developments since July 21, 2023, have not changed my opinions or the alter ego relationship between Venezuela and PDVSA.

---

[1] *See* Ex. 1 ¶¶24, 26, 27, 28.
[2] *See* Ex. 2 ¶¶12, 13, 19, 22; Ex. 3 ¶¶19, 20, 25; Ex. 4 ¶¶12, 13, 18; Ex. 1 ¶¶15, 18, 23, 24.

11. I am available and willing to expand and update this report upon request from counsel or the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 1, 2023, in Miami, Florida.

_____

Manuel A. Gómez