# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS HAMACA B.V. CONOCOPHILLIPS GULF OF PARIA B.V., and CONOCOPHILLIPS COMPANY, <br><br> *Plaintiffs*, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) Case No. 1:22-mc-00464-LPS ) ) ) ) ) ) |

**BRIEF OF BOLIVARIAN REPUBLIC OF VENEZUELA IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF ATTACHMENT *FIERI FACIAS* PURSUANT TO 28 U.S.C. § 1610(C)**

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

A. Thompson Bayliss (#4379)
Stephen C. Childs (#6711)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

Dated: September 22, 2023

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..............................................................................................1
NATURE AND STAGE OF PROCEEDINGS .......................................................................2
SUMMARY OF ARGUMENT ................................................................................................2
ARGUMENT..............................................................................................................................4

    I.    Plaintiffs' Motion For Writ Of Attachment Must Be Denied.................................4

        A.    Conoco is both judicially and collaterally estopped from now arguing that PDVSA is the alter ego of the Republic in this case. ..............4

        B.    Under Federal Rule of Civil Procedure 69(a), 28 U.S.C § 1606 and Delaware alter-ego principles, PDVSA's property may not be attached to satisfy a judgment against the Republic. ...................................5

            (a)    Delaware law governs the proceedings to execute on a judgment .....................................................................................5

            (b)    Delaware law requires a showing of fraud or similar injustice, and there has been no such showing in this case..............7

        C.    Even if the Court were to apply the Bancec test to determine whether Plaintiffs can attach PDVSA's property, the attachment motion must be denied. ...................................................................................9

    II.    The Republic Reserves Its Arguments On Appeal Under The Foreign Sovereign Immunities Act .................................................................................9

CONCLUSION.........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Cassirer v. Thyssen-Bornemisza Collection Found.*,
    142 S. Ct. 1502 (2022) ................................................................................................................. 6

*Christiansen v. Mech. Contractors Bid Depository*,
    404 F.2d 324 (10th Cir. 1968) ..................................................................................................... 6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
    24 F.4th 242 (3d Cir. 2022) ......................................................................................................... 7

*First National City Bank v. Banco Para El Comercio Exterior de Cuba*,
    462 U.S. 611 (1983) .......................................................................................................... 2, passim

*Harrison v. Soroof Int'l, Inc.*,
    320 F. Supp. 3d 602 (D. Del. 2018) ............................................................................................. 7

*OI European Grp. B.V. v. Bolivarian Republic of Venez.*,
    73 F.4th 157 (3d Cir. 2023) ..................................................................................................... 4, 9

*Republic of Argentina v. NML Capital, Ltd.*,
    573 U.S. 134 (2014) ..................................................................................................................... 5

*Schreiber v. Kellogg*,
    50 F.3d 264 (3d Cir. 1995) .......................................................................................................... 5

**STATE CASES**

*Buechner v. Farbenfabriken Bayer Aktiengesellschaft*,
    154 A.2d 684 (Del. 1959) ............................................................................................................ 7

*Crosse v. BCBSD, Inc.*,
    836 A.2d 492 (Del. 2003) ............................................................................................................ 7

*Manichaean Capital LLC v Exela Techs., Inc.*,
    251 A.3d 694 (Del. Ch. 2021) ..................................................................................................... 8

*Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*,
    752 A.2d 1175 (Del. Ch. 1999) ................................................................................................... 7

**FEDERAL STATUTES**

28 U.S.C. § 727 ............................................................................................................................. 6

28 U.S.C. § 1606 .................................................................................................................... 3, 5, 6

28 U.S.C. § 1610(g) ....................................................................................................................... 5

**STATE STATUTES**

8 *Del. C.* § 324(a) ......................................................................................................................... 7

10 *Del. C.* § 5031 .......................................................................................................................... 7

**FEDERAL RULES**

Fed. R. Civ. P. 69 ............................................................................................................... 4, 5, 6, 8

Fed. R. Civ. P. 69(a) ............................................................................................................. 3, 5, 6

Fed. R. Civ. P. 69(a)(1) .................................................................................................................. 5

**OTHER AUTHORITIES**

Case Details, *ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V. and ConocoPhillips Gulf of Paria B.V. v. Bolivarian Republic of Venezuela* (ICSID Case No. ARB/07/30), https://icsid.worldbank.org/cases/case-database/case-detail?CaseNo=ARB/07/30 (downloaded Sept. 22, 2023) ................................ 2

The Bolivarian Republic of Venezuela (the "Republic") respectfully submits this brief in opposition to the motion of Plaintiffs ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (together, "Conoco" or "Plaintiffs") for an order authorizing a writ of attachment *fieri facias* against shares of PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela, S.A. ("PDVSA").

## PRELIMINARY STATEMENT

Contrary to Conoco's assertion (D.I. 3 at 2), Plaintiffs do not seek the "same relief" as the Court granted the Conoco entities in their previous cases, *Phillips Petroleum Company Venezuela Limited et al. v. Petroleos de Venezuela*, S.A., No. 1:19-mc-342-LPS, and *ConocoPhillips Gulf of Paria B.V. v. Corporacion Venezolana Del Petroleo, S.A.*, No. 1:22-mc-264-LPS. Those cases sought conditional writs based on judgments against PDVSA, and thus involved no alter-ego issues. Nor is Conoco's current motion like those brought by O.I. European Group and others in the actions Conoco defines as "Alter Ego Cases" (D.I. 3 at 3, n. 4). Conoco, unlike other creditors, obtained its judgment against the Republic *by taking the position in arbitration that PDVSA and the Republic were separate entities*. And in separate arbitration proceedings against PDVSA, arising from the very same expropriations, Conoco tried and failed to persuade the arbitrators to provide exactly the remedy it seeks from the Court today: the ability to recover from PDVSA the entire amount it was awarded against the Republic.

Those differences make the case against issuance of a writ of attachment even stronger than the case against the recently argued motions of other creditors of the Republic. In addition to the fatal flaw in those creditors' motions—the failure to make the showing required for an alter-ego finding under Delaware law—Conoco's motion is barred by the doctrines of judicial estoppel, collateral estoppel and res judicata. Moreover, because Conoco has already gotten what it bargained for in its agreements with PDVSA—compensation from PDVSA for the adverse impact

1

of government actions, up to a cap Conoco and PDVSA contractually agreed upon—Conoco can show neither the fraud or similar wrongdoing required for an alter-ego finding under Delaware law, nor the equitable considerations relevant to an alter-ego finding under *First National City Bank v. Banco Para El Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611 (1983)..

## NATURE AND STAGE OF PROCEEDINGS

On March 8, 2019, Plaintiffs obtained a final arbitration award against the Republic from a tribunal of the International Centre for Settlement of Investment Disputes ("ICSID").[1]  On the basis of that award, Plaintiffs obtained a default judgment in the amount of approximately $8.5 billion in the United States District Court for the District of Columbia.  On October 12, 2022, Plaintiffs registered the judgment with this Court, and on August 1, 2023, they moved for an order for the issuance of a writ of attachment, to be served on PDVH, attaching PDVSA's shares of stock in PDVH.  The Republic opposes Plaintiffs' motion, and joins in PDVSA's memorandum in opposition and in support of its motion to dismiss, filed today.

## SUMMARY OF ARGUMENT[2]

1.    For the reasons set forth in PDVSA's Memorandum of Law in Support of its Cross-Motion to Dismiss for Lack of Jurisdiction and in Opposition to Plaintiffs' Amended Motion for

---

[1]    This award was subsequently modified on August 29, 2019. *See* D.I. 3 at 1.  The award is currently the subject of annulment proceedings before ICSID.  *See* Case Details, *ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V. and ConocoPhillips Gulf of Paria B.V. v. Bolivarian Republic of Venezuela* (ICSID Case No. ARB/07/30), https://icsid.worldbank.org/cases/case-database/case-detail?CaseNo=ARB/07/30 (downloaded Sept. 22, 2023).  Nothing herein should be construed as implying that the ICSID award against the Republic was proper.

[2]    Instead of fully briefing the issues concerning alter ego, Foreign Sovereign Immunities Act ("FSIA") immunity, and the extent to which prior decisions of this Court and the Third Circuit collaterally estop the Republic and PDVSA, Plaintiffs (at D.I. 3 at 6, 10) have referred to the arguments of other judgment creditors, particularly those in *Contrarian Capital Management, L.L.C. v. Bolivarian Republic of Venez.*, Nos. 21-mc-00018-LPS; 22-mc-00131-LPS; 22-mc-

a Writ of Attachment filed today ("PDVSA's Brief"), Conoco is both judicially and collaterally estopped from arguing that PDVSA is the alter ego of the Republic in this case, and its effort is barred by the doctrine of res judicata.

2. Even if Conoco were not estopped, its motion should be denied. Federal Rule of Civil Procedure 69(a) unambiguously provides that state law (here, Delaware law) governs proceedings in aid of execution, and the FSIA, 28 U.S.C. § 1606, compels the same conclusion. Delaware law, in turn, unambiguously provides that assets held by an entity that is not the judgment debtor may be attached only if that entity's corporate veil is pierced, which in turn requires a showing that the entity is a sham designed to defraud the creditors—a showing that Conoco does not attempt to make and cannot make. For this reason, Conoco's motion must be denied. *See Contrarian* Opp. Br. at 5-7.

3. Federal common law does not supplant state law in proceedings governed by Rule 69(a). The federal common law test for overcoming sovereign immunity under *Bancec* and its progeny, relevant to the question of whether an entity is subject to the Court's jurisdiction under the FSIA, does not answer the separate question of whether a judgment creditor may execute against the assets of an entity that is owned by the judgment debtor but is not a judgment debtor itself. By the terms of Rule 69(a) and the FSIA itself, that question remains governed by state law. Moreover, the Third Circuit's recent decisions concluding that it lacked appellate jurisdiction over

---

00263-LPS ("*Contrarian*"). For judicial economy, this brief also cross-refers to, and incorporates by reference, the arguments the Republic has made in *Contrarian*, rather than repeating verbatim the arguments the Court has read and heard in *Contrarian* and the other pending motions. Specifically, the Republic incorporates by reference the analysis and arguments in its opposition brief in *Contrarian*, D.I. 53 ("*Contrarian* Opp. Br."), its and PDVSA's joint surreply in *Contrarian*, D.I. 61-1 ("Surreply"), and its letter filed on September 18, 2023, D.I. 70. This memorandum focuses on the additional reasons why Conoco's motion must be denied.

this merits question confirm that this question is not coterminous with the FSIA immunity question. *See Contrarian* Opp. Br. at 11-15.

4. The Republic is not collaterally estopped on these issues, for multiple reasons, including that the Rule 69/Delaware law issue has not previously been litigated and determined by a final judgment. *See Contrarian* Opp. Br. at 15-18.

5. Respectfully, the Republic disagrees with the Third Circuit's decision affirming the findings under *Bancec* in *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 73 F.4th 157 (3d Cir. 2023) ("*OIEG II*"), and is seeking review of that decision in the Supreme Court. The Republic reserves the right to contest FSIA immunity issues in the event that *OIEG II* is reversed, modified, or overruled. But even if *OIEG II* stands as written, an important factor—the equities of the case—distinguishes this case from *OIEG II* and other creditor cases, and renders the writ Conoco seeks here particularly inequitable. Conoco and PDVSA negotiated at arm's length the agreements defining what recourse Conoco would have against PDVSA should its assets be nationalized by the Republic. It would be inequitable to permit Conoco to avoid its own agreements, and avoid the outcome of the International Chamber of Commerce ("ICC") arbitration proceeding Conoco itself pursued against PDVSA.

## ARGUMENT

**I.     Plaintiffs' Motion For Writ Of Attachment Must Be Denied.**

*A.     Conoco is both judicially and collaterally estopped from now arguing that PDVSA is the alter ego of the Republic in this case, and this case is barred by the doctrine of res judicata.*

For the reasons set forth in PDVSA's Brief,[3] Conoco is both judicially and collaterally estopped from now asserting that PDVSA is the alter ego of the Republic. Because Conoco's

---

3     The Republic expressly adopts and incorporates herein PDVSA's Brief.

4

attachment motion rests entirely on the theory that PDVSA is one and the same with the Republic and shares the Republic's liability for expropriation, and because Conoco is estopped from asserting that theory in this case, its attachment motion must be denied. In addition, the doctrine of res judicata prevents Conoco from seeking here a better result against PDVSA than it achieved in its ICC arbitration, the judgment confirming that arbitration award, and the conditional writ it has already obtained based on that judgment.

> B. *Under Federal Rule of Civil Procedure 69(a), 28 U.S.C § 1606 and Delaware alter-ego principles, PDVSA's property may not be attached to satisfy a judgment against the Republic.*

Federal Rule of Civil Procedure 69(a) provides that where, as here, "[a] money judgment is enforced by a writ of execution," the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Accordingly, the Rule's plain terms require the Court to apply Delaware law to determine the "procedure on execution"—and under Delaware law, attachment is not proper unless PDVSA's corporate structure operates as a vehicle for fraud such that the corporate veil may be pierced.

> (a) *Delaware law governs the proceedings to execute on a judgment*

Under Rule 69(a), "a federal court must follow relevant state law in a proceeding to execute on a judgment, unless a federal statute dictates otherwise." *Schreiber v. Kellogg*, 50 F.3d 264, 267 (3d Cir. 1995). Numerous decisions, in the Third Circuit and elsewhere, have read Rule 69 to require the application of state law to determine what property may be attached and executed upon. *See Contrarian* Opp. Br. at 5-7, 9-10. The fact that a defendant happens to be a foreign sovereign does not change this analysis. The FSIA does not purport to establish federal standards for determining what property may be reached, and state law has been applied even when the property

5

of a foreign sovereign or instrumentality is involved.[4]  *Id*. at 5-6, 11-13.  To the contrary, just within the last decade, the Supreme Court rejected the argument that the FSIA implicitly alters or overrides Rule 69 simply because "the judgment debtor is a foreign state."  *Republic of Argentina v. NML Capital, Ltd*., 573 U.S. 134, 138–40, 143 n.3 (2014).

That the current version of Rule 69 references the "procedure on execution" does not alter the conclusion that Delaware alter-ego law applies here.  When Rule 69 was originally enacted in 1937, the Advisory Committee stated that it intended for Rule 69 to "follow[] in substance" from the former 28 U.S.C. § 727, which in turn stated that "[t]he party recovering a judgment in any common-law cause in any district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as [provided] . .. by the laws of the State in which such court is held."  *See* Fed. R. Civ. P. 69 (Advisory Committee note to 1937 adoption); 28 U.S.C. § 727 (1934).  Rule 69 was thus intended to provide "similar remedies . . . to reach the property of the judgment debtor" as would be available under "the laws of the State in which [the] court is held."  Under Rule 69, the question of whether a judgment creditor can attach property owned by a judgment debtor's subsidiary is one of which "remedies" are available to the creditor in order to "reach the property of the judgment debtor" and is therefore answered by Delaware law.  *See Christiansen v. Mech. Contractors Bid Depository*, 404 F.2d 324, 325 (10th Cir. 1968) (applying Utah law when judgment creditor argued that a certain entity was "successor to and alter ego of" the judgment debtor) and cases cited in *Contrarian* Opp. Br. at 5-6.

---

[4] The exception that proves the rule is that 28 U.S.C. § 1610(g), a statute concerning designated foreign sponsors of terrorism, that no party contends applies to the Republic.  *See Contrarian* Opp. Br. at 5, n.4.

6

Even if Rule 69(a) were ignored, 28 U.S.C. § 1606 would require the Court to treat a foreign state that is not immune the same way as "a private individual under like circumstances." Thus, "when a foreign state is not immune from suit," it is treated like a "private party," including as to "the forum State's choice-of-law rule." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 142 S. Ct. 1502, 1508–09 (2022). Section 1606 provides an independent reason why Conoco must satisfy Delaware law concerning what property may be attached or executed upon.

Under Delaware law, Plaintiffs may execute against the PDVH shares, which are owned by PDVSA, only by piercing PDVSA's corporate veil. That is because the judgment is against the Republic, not against PDVSA itself. *See* 8 *Del. C.* § 324(a) and 10 *Del. C.* § 5031; *Buechner v. Farbenfabriken Bayer Aktiengesellschaft*, 154 A.2d 684, 687 (Del. 1959).

Nothing in *Bancec* or its progeny. contradicts the foregoing analysis, and the Third Circuit has not said otherwise. *See Contrarian* Opp. Br. at 11-15.

> (b) *Delaware law requires a showing of fraud or similar injustice, and there has been no such showing in this case.*

Conoco is unable to show that it has met Delaware's demanding requirements for piercing the corporate veil. In addition to requiring Conoco to show that PDVSA is one and the same with the Republic—the showing it failed to make in the ICC arbitration—"Delaware law requires showing *fraud*—not just extensive control—to seize the property of a non-debtor like PDVSA." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 247–48 (3d Cir. 2022) (emphasis added). That type of fraud is not proved merely by showing "that the two companies operate as a single entity." *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 614 (D. Del. 2018). Rather, "Delaware law also 'requires that the corporate structure cause fraud or similar injustice.'" *Id.* (quoting *Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999)). The Delaware Supreme Court has held that a plaintiff or judgment creditor must

7

establish "that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.,* 836 A.2d 492, 497 (Del. 2003). Crosse and other cases enforce Delaware's strong, well-established policy of respecting corporate formalities—one of the strongest in the country. *See Contrarian* Opp. Br. at 7-9; Surreply at 1-3.

Delaware's policy is especially strong where, as here, a creditor attempts "reverse veil-piercing," reaching the assets of a subsidiary to satisfy the debt of the parent. "[R]everse veil-piercing has the potential to bypass normal judgment collection procedures by permitting the judgment creditor of a parent to jump in front of the subsidiary's creditors." *Manichaean Capital LLC v Exela Techs., Inc.*, 251 A.3d 694, 711 (Del. Ch. 2021). "Only in cases alleging egregious facts, coupled with the lack of real and substantial prejudice to third parties, should the court even consider utilizing the reverse veil-piercing doctrine." *Id.* at 714.

Conoco has not alleged, or introduced any evidence to prove, that PDVSA is a sham that exists only as a vehicle for fraud or injustice similar to fraud. This alone is sufficient to defeat Conoco's attachment motion.

But the flaws in Conoco's motion do not stop there. Conoco explicitly anticipated the possibility that the Republic would expropriate its assets in Venezuela, and it negotiated agreements with PDVSA concerning the extent to which PDVSA would be required to compensate Conoco should an expropriation occur. This Court should resist Conoco's attempt to circumvent the limited remedy against PDVSA that Conoco and PDVSA bargained for, and to "jump in front" of PDVSA's creditors by obtaining the largest writ of attachment sought by any of the judgment creditors. *See Manichaean,* 251 A.3d at 711.

8

      C.    *Even if the Court were to apply the* Bancec *test to determine whether Plaintiffs can attach PDVSA's property, the attachment motion must be denied.*

While the Republic maintains that Rule 69 requires that the Court apply Delaware law to determine whether PDVSA's property can be attached to satisfy a judgment against the Republic, even if the Court were to apply only the *Bancec* test here, Conoco's attachment motion must be denied. *Bancec* looks to "equitable principles" to see "whether the instrumentality may be held liable for actions taken by the sovereign." 462 U.S. at 621, 630.

The equities weigh uniquely against issuing the writ Conoco seeks in this case. To obtain access to Venezuela's enormous oil resources, Conoco negotiated at arm's length its agreements with PDVSA—agreements that expressly contemplated the possibility that the Republic would nationalize Conoco's assets, and expressly defined the degree to which Conoco could recover compensation from PDVSA if the Republic did so. Conoco took PDVSA to arbitration before the ICC, obtained an award against PDVSA consistent with that contractual remedy, tried but failed to persuade the arbitrators to award a greater amount than the contractual cap permitted, obtained a judgment against PDVSA confirming that award, and obtained from this Court a conditional writ of attachment, of over $1 billion, to enforce that judgment. Now Conoco seeks a far larger writ, the effect of which would be to circumvent the contractual provisions it bargained for, and to give Conoco the unlimited remedy that the ICC arbitration panel refused to give it. Whatever the Court may think of the claims of other creditors, this claim of this creditor does not deserve the inequitable advantage provided by an alter-ego finding.

**II.**    **The Republic Reserves Its Arguments On Appeal Under The Foreign Sovereign Immunities Act**

Respectfully, the Republic believes the Third Circuit erred in *OIEG II*, including in its statements concerning the pertinent time period and its treatment of the acts of the illegitimate Maduro regime up to the present as if those were acts of the "sovereign." The Republic is seeking

9

review of that decision. The Republic expressly reserves its rights on appeal with respect to the issues previously decided there.

## CONCLUSION

For each of the reasons set forth above, the Republic respectfully urges the Court to deny Conoco's motion for a conditional writ of attachment.

Respectfully submitted,

*/s/ Christopher Fitzpatrick Cannataro*

| | |
|---|---|
| OF COUNSEL: | A. Thompson Bayliss (#4379) |
| | Stephen C. Childs (#6711) |
| Donald B. Verrilli, Jr. | Christopher Fitzpatrick Cannataro (#6621) |
| Elaine J. Goldenberg | ABRAMS & BAYLISS LLP |
| Ginger D. Anders | 20 Montchanin Road, Suite 200 |
| MUNGER, TOLLES & OLSON LLP | Wilmington, DE  19807 |
| 601 Massachusetts Avenue NW | (302) 778-1000 |
| Suite 500 E | bayliss@abramsbayliss.com |
| Washington, D.C. 20001 | childs@abramsbayliss.com |
| (202) 220-1100 | |
| Donald.Verrilli@mto.com | *Attorneys for Bolivarian Republic* |
| Elaine.Goldenberg@mto.com | *of Venezuela* |
| Ginger.Anders@mto.com | |

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

Dated:  September 22, 2023