IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., CONOCOPHILLIPS HAMACA B.V., CONOCOPHILLIPS GULF OF PARIA B.V., and CONOCOPHILLIPS COMPANY, : : : : : : Plaintiffs, : : v. : : BOLIVARIAN REPUBLIC OF VENEZUELA, : : Defendant. : | Misc. No. 22-464-LPS |

## MEMORANDUM ORDER

At Wilmington this **20th** day of **December 2023**:

**WHEREAS**, on August 1, 2023, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 69, 10 *Del. C.* § 5031, 8 *Del. C.* § 324, and 28 U.S.C. § 1610(c), seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH") owned by Petróleos de Venezuela, S.A. ("PDVSA") (D.I. 2);

**WHEREAS**, PDVSA intervened in the present action and, on September 22, 2023, filed a cross-motion to dismiss for lack of subject matter jurisdiction (D.I. 11);

**WHEREAS**, the Court has considered the briefs and related materials filed by Plaintiffs, Defendant, and Intervenor (*see, e.g.*, D.I. 3-5, 12, 13, 17, 18, 20, 25) and heard oral argument on December 14, 2023;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that (1) Plaintiffs' motion for a writ of attachment *fieri facias* (D.I. 2) is conditionally **GRANTED**; and (2) Intervenor's motion to dismiss (D.I. 11) is **DENIED**.

1

This memorandum order is consistent with the bench ruling announced at the conclusion of the hearing on December 14, 2023, and the oral order entered that day (D.I. 39). Pertinent excerpts of the bench ruling are reproduced below:[1]

> As the parties agree, there's only two disputes here: What I'm going to call the ICSID-based[2] judicial estoppel argument and the ICC-based[3] collateral estoppel argument.
>
> The understanding that I have from the parties' agreement that those are the two issues is that if I decide both of those issues in favor of ConocoPhillips, it follows I should grant ConocoPhillips' motion and deny PDVSA's motion.
>
> I am deciding both of those issues in favor of ConocoPhillips. And that is why I am doing as I'm doing with respect to the motions.
>
> Let me talk, first, about why I have concluded ConocoPhillips is not judicially estopped from asserting that PDVSA and Venezuela are alter egos as a consequence of its position in the ICSID arbitration.
>
> []Judicial estoppel ["]is intended to prevent improper use of judicial machinery["] and ["]is [an] []equitable doctrine invoked by a [c]ourt at its discretion." That's essentially a quote from the *In re Kane* decision . . . .[4]
>
> There [are] three requirements that must be met for judicial estoppel to apply. And the burden is on PDVSA to meet all three of those requirements.
>
> . . .

---

[1] The Court adopts the full bench ruling.

[2] Award issued by the International Center for Settlement of Investment Disputes in Case No. ARB/07/30, signed on February 27, 2019 and dispatched to the parties on March 8, 2019.

[3] Final Award issued by the International Chamber of Commerce in Case No. 20549/ASM/JPA (C-20550/ASM), dated April 24, 2018.

[4] *In re Kane*, 628 F.3d 631, 639 (3d Cir. 2010).

Let me talk, first, about the first requirement . . . . And that is that ConocoPhillips has not been shown to have taken ["]two positions that are irreconcilably inconsistent.["5] That is two positions when one compares what ConocoPhillips argued in the ICSID arbitration, and what they are arguing in front of me.

In my view, the issues in the two proceedings are different, and materially so.

In the ICSID arbitration, ConocoPhillips showed that Venezuela's liability under treaty and international law for the 2007 expropriation of ConocoPhillips' property was not limited by indemnification provisions in the [A]ssociation [A]greements between ConocoPhillips and PDVSA. Just because ConocoPhillips contracted with PDVSA entities to be reimbursed for some of the damage it suffered from Venezuela's expropriation does not mean that ConocoPhillips somehow also agreed with Venezuela [that] Venezuela's liability would be limited as well.

Whether PDVSA and Venezuela were alter egos never came up in the ICSID arbitration.

. . .

PDVSA's contention that in the ICSID arbitration, ConocoPhillips advocated the view that Venezuela and PDVSA were separate entities is true, but that is not at all inconsistent with what ConocoPhillips has advocated before me. No one has ever questioned whether Venezuela and PDVSA are nominally separate. They are nominally separate. They may have separate liabilities and assets.

The issue before me in this case, and I believe in the other related cases, has been whether these two nominally separate entities may be treated as one to the extent that PDVSA's assets are available to satisfy judgments against Venezuela.

I have not been asked to decide and have not decided, and most importantly, ConocoPhillips has not ever asked me to decide, that the entities – that is, PDVSA and the Republic of Venezuela – are one [and] the same for all purposes.

---

[5] *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001).

Instead, as ConocoPhillips writes in their brief in this action, . . . : In the ICSID arbitration, ["]ConocoPhillips never argued that Venezuela and PDVSA, much less the ownership [of] PDVSA's Delaware assets[,] should be treated as legally separate and distinct for all purposes and for all time.["][6]

ConocoPhillips' arguments in the ICSID arbitration were made in a different context and under different governing legal standards. There, Venezuela contract law governed; while here, of course, U.S. federal common law governs the alter ego issue before me.

So in sum, for all those reasons, PDVSA has not met its burden to show that ConocoPhillips has taken two positions that are irreconcilably inconsistent. I don't even see them as inconsistent at all. Even if all that is incorrect, PDVSA has also failed to show that the other requirements for judicial estoppel are present.

The second thing that PDVSA would have to show is that not only has ConocoPhillips changed its position, but that it has acted in bad faith; that is, with an ["]intent to [play] fast and loose with the [c]ourt.["][7] I find that this requirement has not been shown by PDVSA.

I'm not sure that this requirement could ever be satisfied in a situation like I confront here where fundamentally all that ConocoPhillips is asking me to do is to apply decisions I have already made in other cases.

That is, ConocoPhillips is asking the Court to apply the same alter ego determination it made in the *Crystallex* and *OIEG* cases,[8] both of which were affirmed by the Third Circuit.[9]

It's an awfully unusual context in which to be accused of acting in bad faith or playing fast and loose with the Court.

---

[6] D.I. 18 at 2.

[7] *Montrose Med. Grp.*, 243 F.3d at 779.

[8] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380 (D. Del. 2018); *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 2023 WL 2609248 (D. Del. Mar. 23, 2023).

[9] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (3d Cir. 2019); *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157 (3d Cir. 2023).

But even if, theoretically, one could engage in that inappropriate conduct . . . in this type of context, here, again, I'm not persuaded that ConocoPhillips[] [has] engaged in any bad faith.  The Venezuela parties are wrong to assert that ConocoPhillips' ["]entire argument in the ICSID arbitration . . . depended on the legal distinction between PDVSA and the Republic.["][10]

ConocoPhillips argued in the ICSID arbitration that it did not waive its rights against Venezuela under international law.  And there's nothing exhibiting bad faith or playing fast and loose or calling into question this Court's integrity in what ConocoPhillips is arguing in front of me.

PDVSA's motion to dismiss, related to this point, overlooks the fundamental reality.  As ConocoPhillips writes, . . . : ["]Here, as in *Crystallex*, ConocoPhillips is not seeking to shift liability for the judgment recognizing the ICSID award to PDVSA[; it] is merely seeking to enforce its judgment against the PDVH shares in Delaware that belong to Venezuela[] but are held nominally by PDVSA.["][11]

Thus, again, here, in front of me, ConocoPhillips has not argued that Venezuela and PDVSA are not nominally separate entities.  Just as in the ICSID arbitration, ConocoPhillips did not there, and has not here, disputed that Venezuela and PDVSA are nominally separate entities.

That's why, for those reasons, the second factor for judicial estoppel is not proven.

The third factor for judicial estoppel is also not proven, and that is also dispositive on this part of the motion[.]  Judicial estoppel may not be applied unless it is ["]tailored to address the harm identified[] and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.["][12]

On that factor, it just seems to me that it follows automatically from what I said on Factors 1 and 2, that this factor as well is not satisfied.  The sanction of dismissal of ConocoPhillips' claim is not nearly, by a long shot, warranted here.

---

[10] D.I. 12 at 13.

[11] D.I. 18 at 12.

[12] *Montrose Med. Grp.*, 243 F.3d at 779-80 (internal quotation marks omitted).

So that's all I have to say on judicial estoppel.

Let me turn, next, to my conclusion that ConocoPhillips is also not collaterally estopped from asserting that PDVSA and Venezuela are alter egos as a consequence of the rulings in the ICC arbitration.

. . . [T]he burden is, again, on PDVSA to prove this collateral estoppel defense, and PDVSA has failed.

There [are] four things that PDVSA [is] required to show under Third Circuit law, which can be found, for instance, in the [*Henglein v.*] *Colt Industries* decision . . . .[13]

PDVSA must show that ["]the identical issue was previously adjudicated,["] that ["]the issue was actually litigated,["] that ["]the previous determination was necessary to the decision,["] and that ["]the party being precluded from relitigating the issue was fully represented in the prior action.["][14]

. . .

The issue here of whether Venezuela and PDVSA are alter egos was not litigated or adjudicated in the ICC arbitration[;] nor did the ICC apply U.S. Federal common law, as I am required to here, but instead applied Venezuelan law.

. . . [T]here is no identical issue that was . . . previously adjudicated and actually litigated.

For purposes of collateral estoppel, issues are considered identical where, quote, "the same general legal rules govern both cases[] and the facts of both cases are indistinguishable as measured by those rules." That's from the Third Circuit decision in *Suppan* . . . .[15]

Here, the facts and law are not identical as between the ICC arbitration and this litigation in front of me.

---

[13] *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001).

[14] *Id.*

[15] *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000).

6

In the ICC arbitration, ConocoPhillips argued that PDVSA should be liable for the full extent of ConocoPhillips' losses caused by the 2007 expropriation, because PDVSA committed a willful breach of the [A]ssociation [A]greements based on facts purporting to show that PDVSA ["]played a key role in the destruction["][16] of the [A]ssociation [A]greements.

I get that from D.I. 13, Exhibit C, which I believe is the ICC award at Paragraph 342.

There is no indication that in the ICC arbitration, ConocoPhillips contended that PDVSA was Venezuela's alter ego. The alter ego issue was not presented in the ICC arbitration, and the ICC did not decide whether PDVSA was Venezuela's alter ego.

The issue there was, instead, PDVSA's own conduct and not at all the availability of PDVSA's assets [to satisfy] Venezuela's debts.

ConocoPhillips asserted to the ICC that several individuals who were officials at PDVSA wore dual hats, as they were also government officials.

And ConocoPhillips[] further argued that these individuals failed to object to certain public measures that led to the 2007 expropriation[,] and, further, that those individuals participated in the 2007 expropriation.[17]

I get all that from Paragraphs 342, 348 to 349, and 400 to 402 [in] D.I. 13, Exhibit C, the ICC award.

The ICC understood from this that ConocoPhillips' ["]entire argument["] was, "[i]t is impossible to distinguish who these individuals were acting for at a given point in time."[18] That's at Paragraph 403.

That the ICC rejected ConocoPhillips' contention about individuals and refused to hold PDVSA liable for willful breach of its agreements with ConocoPhillips, to my mind, says absolutely nothing about whether PDVSA and Venezuela as entities are alter egos.

---

[16] D.I. 13 Ex. C (ICC Award) ¶ 342.

[17] *Id.* ¶¶ 342, 348-49, 400-02.

[18] *Id.* ¶ 403.

It just simply has not been shown that the identical issue or anything near the identical issue before me was actually litigated or adjudicated in the ICC arbitration.

Another reason for this conclusion is that the pertinent time periods involved differ; that is, the pertinent time period before the ICC and pertinent time period for me are not the same.

I am tasked with considering, for purposes of determining if Venezuela and PDVSA are alter egos, ["]all relevant facts up to the time of the service of the writ of attachment,["] which is an end date that has not even occurred yet. That pertinent time standard, we all understand, comes from the recent *OIEG* decision of the Third Circuit . . . .[19]

Obviously, the ICC did not and could not have considered the same time period. It issued its decision in 2018 and focused on events that happened during the several years [preceding] the 2007 expropriation.

As was pointed out in argument today[,] in the *OIEG* case before me, the Venezuela parties argued that there was a radical difference in the facts [during the] pertinent time that I was asked to consider for alter ego purposes[, when that period differed by] as short as one year. In that context, I am not prepared to say that the much longer time differences that are involved in the motion before me today are not material, and the burden is on PDVSA to prove that they are not materially different pertinent time. To be clear, PDVSA failed to meet that burden.

We also had some discussion today – and there's some briefing on it – about these *Air France* factors that the ICC arbitrators considered.[20] I can see that there's some overlap between those *Air France* factors and the *Bancec*[21] factors. But the Venezuela parties who have the burden – particularly, PDVSA as the moving party here – have not persuaded me that there is no substantial difference between the factors argued by ConocoPhillips to the ICC arbitrators under the *Air France* standard and those factors I apply here under *Bancec* . . . .

---

[19] *OI European Grp.*, 73 F.4th at 171.

[20] *See, e.g.*, D.I. 13 Ex. C (ICC Award) ¶¶ 464-72.

[21] *First National City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983).

I think it's also relevant to point out that the ICC did not apply the *Air France* factors anyway.

That is the basis of my ruling on the collateral estoppel issue.

I know that the parties told me that those [i.e., judicial estoppel and collateral estoppel] are the only two things I have to decide, and I do accept that, but in looking through the briefing, it did seem to me that the Venezuela parties are also arguing that it would be just inequitable for me to do as I'm doing and granting the motion for a writ of attachment.

That argument, I suppose, overlaps with the estoppel arguments. But I did want to just make a point of saying, I don't see anything inequitable in what I am doing or, of course, what I'm being asked to do by ConocoPhillips.

The argument, as I understand it, is that the Venezuela parties contend that the equities weigh uniquely against issuing the writ ConocoPhillips seeks in this case because it's a far larger writ, and far larger than what ConocoPhillips has already obtained in another action, and I suppose far larger than, perhaps, any other creditor has obtained in any of these actions.

And the Venezuela parties further argue that the [effect] of what I am doing is to ["]circumvent the contractual provisions["] that ConocoPhillips bargained for, and to, instead, ["]give Conoco the unlimited remedy["] that the ICC arbitration . . . refused to give it.[22]

That's my summary of what . . . either PDVSA or the Republic[] argues at D.I. 17 at 9.

And the Venezuela parties further argue from that, that any sanction less than dismissal ["]would not only reward [Conoco's] duplicitous conduct[, but] also cast [a pall] on the integrity of this Court's proceedings with respect to the PDVH shares[."23]  D.I. 12 at 15. That's a quote.

---

[22] *See* D.I. 17 at 9.

[23] D.I. 12 at 15.

I thought it was important that I call that out because those are very serious contentions, that if true, could have an impact not only on this proceeding that I'm in right at this moment, but [also on] a whole bunch of related proceedings. And I'm here just to say that I absolutely [re]ject every aspect of what the Venezuela parties are arguing regarding the supposed inequity of what I am doing today.

To the contrary, I see nothing inequitable in ConocoPhillips seeking to enforce the judgment it has against Venezuela stemming from the ICSID arbitration award, which is based, again, on treaty and international law, and simultaneously seeking to enforce a judgment it obtained against PDVSA in the ICC arbitration based on its private contractual agreements. And that is the [A]ssociation [A]greements. I find nothing inequitable in that.

                                                                                 _____
                                                                                 HONORABLE LEONARD P. STARK
                                                                                 UNITED STATES DISTRICT COURT